OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1913.

(Continued from Volume 252)

### ROSE F. RYAN v. CHARLES F. STROP et al., Appellants.

**Division One, December 6, 1913.**

1. **DURESS: Note and Deed of Trust: Signed by Wife to Stop Prosecution of Husband.** The husband of plaintiff, who was the owner of a home, was short in his accounts with his company in the sum of $2500. He telephoned her to come to his office, that he wanted to see her on some business. There she met an attorney with a note for the amount and a deed of trust on her home to secure the payment of the same, already drawn up, and the agent of the company. After she had read over the papers and found they included a deed of trust on her home, she refused to sign them, whereupon the agent told her that her husband would be prosecuted if she did not, and being in fear of such prosecution she signed them. *Held*, a clear case of duress, and sufficient to authorize a cancellation of the note and deed of trust.

2. ———: **Threats.** Threats by a company, with which plaintiff's husband had become short in his accounts, to send him to the penitentiary if she did not sign a deed of trust on her home to secure the amount of the shortage, are sufficient to deprive a wife of her free will, and to avoid the instrument.

3. **EQUITY CASE: Deference to Chancellor.** Where the testimony is oral and, as it appears in the record, is about equally

balanced, the appellate court will defer to the finding of the chancellor on the facts, since he has the witnesses before him and is in a better situation to estimate their credibility.

Appeal from Buchanan Circuit Court.—*Hon. William D. Rusk,* Judge.

AFFIRMED.

*W. B. Norris* for appellants.

(1) The only legal standard of duress seems to be that the person so acted upon by the threats must be bereft of that quality of mind essential to the making of a contract, and the condition of mind must be such as to destroy the will. Woods v. Tel. Co., 223 Mo. 558. (2) Free agency and the will must be destroyed by the threats of imprisonment. One who signs a deed believing at the time that he is not signing a valid deed, because of the action of the other party in threatening a criminal prosecution, cannot be said to be in that state of mind in which his will power has been destroyed, and that his action in so executing such a deed is not in fact his own, but the action of the other party. He is simply making a bluff to counteract the bluff of the other party. He understands what he is doing and does not need the protection of a court of equity. (3) By the examination of the plaintiff's testimony in this case it will be seen that her fear for her husband's welfare, and the coercion used upon her in signing the notes and deed of trust, occurred to her after four years had elapsed. If her testimony be taken as true, she was the master at the time of the execution of the notes and deed of trust, and not subservient to the will of the representative of Adam Schaaf. (4) The testimony of Mr. Mytton, P. R. Rucker and Mr. Parkinson is positive with no contradictions, that the notes and deed of trust were executed without any threats or duress on the part of Adam Schaaf.

*John S. Boyer* and *Broaddus & Crow* for respondent.

This court will defer to the finding of the trial court where the oral evidence is so evenly balanced. Huffman v. Huffman, 217 Mo. 182; Railroad v. Yankee, 140 Mo. App. 274.

GRAVES, J.—Plaintiff brings suit to cancel certain notes and a deed of trust securing the same on the ground that her signatures thereto were obtained by duress. The petition perhaps goes a little further than the question of duress. Among other matters it charges:

"Plaintiff states that said notes and the deed of trust pretending to secure the payment of same was signed by her, solely by reason of her fear caused by the threats made by the agents, servants and employees of Adam Schaaf, and solely on account of the fear, coercion and intimidation caused thereby, although said notes were signed without any consideration moving from said Adam Schaaf to this plaintiff, or to her husband, as said notes were given for an existing indebtedness and obligation, without any consideration whatever moving to either plaintiff or her husband."

The suit was originally brought against residents of Missouri (individuals and corporations) but later, Adam Schaaf, a corporation of Illinois engaged in the manufacture of pianos, filed an answer alleging that since the filing of plaintiff's suit it had become the sole owner and possessor of said notes and deed of trust, and admitting that plaintiff was the owner of the real estate described in the deed of trust, and further alleging that the deed of trust was a lien thereon. The answer after these admissions and allegations then denied the other matter averred in plaintiff's petition. By reply the plaintiff charged that the notes and deed of trust grew out of business transacted by Adam

Schaaf, a foreign corporation, whilst it was doing business in Missouri, and whilst it had no license or other authority to do business in Missouri, and that by reason of this fact such corporation had no standing in the courts of this State. The resident defendants were dismissed from the case and the cause proceeded in battle royal between plaintiff and Adam Schaaf. Plaintiff had judgment as in her petition prayed, and the defendant alleging itself to be aggrieved by such judgment has sought a review of the same by an appeal to this court. The evidence can best be detailed in connection with the points made.

I. The respondent in her reply charges that Adam Schaaf, a foreign corporation doing business in this State without license at the time of the transaction here in question, has no standing in the courts of our State. In the view we have upon other matters in this record, the intricate question of fact and law pertaining to this proposition will be left to a case wherein such matter is the sole turning point.

<span style="float:left">Point Not Decided.</span>

II. Under the facts in evidence, J. A. Ryan, husband of plaintiff Rose F. Ryan, was the manager or agent of the defendant, Adam Schaaf, for the sale of pianos, manufactured by Adam Schaaf, in the State of Missouri, Kansas and Nebraska, with a business office in the city of St. Joseph, Missouri. For the purpose of the point now in hand it is immaterial whether J. A. Ryan was the manager of Schaaf in Schaaf's office in St. Joseph, or in an office or place of business of his own. Whatever the relation was it began in September, 1903. Ryan sold pianos and was to account for the proceeds of the sales. After several years work it was discovered that Ryan was short in his accounts in sums aggregating nearly $2500. An agent for Adam Schaaf called upon him, and he finally admitted his shortage,

<span style="float:left">Duress: Void Mortgage.</span>

but had no money with which to pay. This was in September, 1906, or about three years after Ryan began the sale of pianos for Schaaf. The matter was closed on September 12, 1906, by Ryan and his wife signing up notes aggregating such sum, and securing the payment thereof by a deed of trust on the home, which home was the property of the wife.

Plaintiff and her husband testified that Rucker, the agent of Adam Schaaf, with Mr. Mytton, the attorney for Adam Schaaf, came to the office of J. A. Ryan, with the notes and deed of trust already prepared, and that Ryan then 'phoned his wife to come down, that he wanted to see her on some business; that when she came Mr. Mytton told her that there were some papers for her to sign, and that after she read them over and found that they included a deed of trust on her home, she refused to sign them; that at this juncture, Rucker, the agent of Adam Schaaf, told her that her husband would be prosecuted if she did not, and that after crying awhile and being in fear of such a prosecution, she finally signed the notes and deed of trust. The evidence of Ryan was further to the effect that Rucker told him that the matter would have to be fixed up or he would be prosecuted. The evidence for the plaintiff made a clear case of duress. [Lacks v. Butler County Bank, 204 Mo. l. c. 478.]

If threats were made to Mrs. Ryan, as by the testimony of her and her husband shown, then such threats were sufficient to deprive her of her own free will in the matter and the instruments executed under such circumstances would be void. There are not many wives whose will power would not be destroyed by open threats to send the husband to the penitentiary. If this were the only side to the case it would be one of easy disposition. For the defendants Mr. Mytton, Mr. Parkinson and the agent, Rucker, testified that the notes and deed of trust were executed in Mr. Mytton's office and not at the Ryan store, and that there were no

threats made by either of the parties as against Ryan. It should be stated that Mr. Parkinson did not claim to have been present all the time. Mrs. Ryan says that she never would have put a deed of trust upon her home, but for these threats, and the chancellor *nisi* has found her version of the transaction to be the proper one. Women, who own property in their own right, are not prone to use it in the payment of the husband's debts, but this is but a circumstance corroborating the views of the lower court. In this court we are empowered to review the whole case and write anew the judgment, and in many cases we go that far, notwithstanding the usual deference had for the judgment of the chancellor below. In this case the evidence, the facts and circumstances in evidence are pretty evenly balanced, and the trial court had the advantage of facing the witnesses and hearing their respective stories. In such case we have often said that we would give heed to the views of the trial chancellor. We feel that we should so do in this case. Let the judgment be affirmed. All concur.